ered in its entirety, defeats Adkins's claim of unfairness. Adkins also suggests that it was a violation of the Federal Rules of Evidence for the ALJ to consult a medical reference text from outside the record. However, the Federal Rules of Evidence do not apply in Social Security disability hearings. *See* 42 U.S.C. § 405(b)(1). Ultimately, Adkins has failed to demonstrate that the ALJ exhibited sufficient antagonism to a degree that would constitute a denial of due process. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose VALLEJO, Defendant–Appellant.**

**No. 05–4196.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 2006.

Decided June 12, 2007.

Carrie E. Hamilton, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Steven Saltzman, Chicago, IL, for Defendant–Appellant.

608

Before Hon. WILLIAM J. BAUER, Circuit Judge, Hon. MICHAEL S. KANNE, Circuit Judge, and Hon. DIANE P. WOOD, Circuit Judge.

## ORDER

■ This appeal concerns the sentence that Jose Vallejo received for the offense of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). Initially, the district court imposed a sentence of 262 months' imprisonment, but on Vallejo's first appeal this court vacated that sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Vallejo*, 134 Fed.Appx. 90, 92 (7th Cir. 2005) (*Vallejo I*). On remand, the district court held a new sentencing hearing, after which it imposed the same sentence of 262 months. Vallejo appeals again, this time claiming first that the court made certain errors in computing his advisory sentencing guideline range, and second that the district court mistakenly thought that it could not impose a sentence below the advisory guidelines unless Vallejo rebutted a presumption of reasonableness. While we see no reversible error in the court's calculation of the advisory range, we conclude that the court erred when it assumed that it was bound by a presumption of reasonableness and it could not deviate from the guidelines sentence unless Vallejo met an extra burden of persuasion. We therefore vacate Vallejo's sentence again and remand for resentencing.

The facts underlying Vallejo's conviction can be summarized briefly. On August 24, 2001, Vallejo was driving his red Cougar, with some passengers. Vallejo's Cougar and several other cars converged near the home of a friend of a young man named Anthony Ocasio, apparently in some kind of gang show-down. Vallejo and his group got out of their cars, brandishing guns. Matters escalated at that point: Vallejo pointed his gun at a man who had just come out of a nearby house; Vallejo then hit Ocasio with his gun; he broke the windshield of Ocasio's car with the gun; and he fled in his own car, firing into the air as he left. Shortly thereafter, Ocasio and the other man called 911 and were helped by a Chicago police officer. The officer found a fired cartridge casing at the nearby intersection. About a week later, Vallejo, again in the red Cougar, shouted an apparent threat at two passers-by. One of them notified the police of the harassment. Vallejo was arrested and taken into custody, and eventually he was linked to the earlier shooting. He was tried before a jury, which found him guilty, and sentenced as we have already described.

■ The first argument Vallejo makes on appeal is one that we have rejected repeatedly: he claims that the Fifth Amendment always requires that factual findings made to support an enhancement under the Sentencing Guidelines be supported by proof beyond a reasonable doubt. It requires no such thing, as long as the finding relates only to the guideline range and not the statutory maximum. *See United States v. Dean*, 414 F.3d 725, 730 (7th Cir.2005); *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir.2006) (noting that calculating the appropriate advisory guidelines range is "no different now than it was before *Booker* .... District judges must resolve disputed factual issues, determine relevant conduct by a preponderance of the evidence, and apply the appropriate sentence enhancements in order to compute the advisory guidelines sentence range." (internal citations omitted)).

Vallejo's second argument, however, has merit. The district court's remarks at